Jeffrey G. Sheldon (SBN 67516)
jsheldon@cislo.com
Katherine M. Bond (SBN 263020)
kbond@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Ste. 430
Los Angeles, California 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff
SAN ANTONIO WINERY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ZERO PROOF INTERNATIONAL LIMITED, a United Kingdom company,<br><br>    Defendant. | Case No.: 2:26-cv-8829<br><br>COMPLAINT FOR DECLARATORY RELIEF OF NO TRADEMARK INFRINGEMENT |

COMPLAINT

Plaintiff San Antonio Winery, Inc., through its attorneys Cislo & Thomas LLP, alleges as follows:

### INTRODUCTION

1.  San Antonio Winery, Inc. ("San Antonio") brings this action for a declaratory judgment of non-infringement of U.S. Trademark Registration No. 6,242,081, for the mark LYRE'S CLASSICO or any trademark rights allegedly owned by Zero Proof International Limited ("Defendant") in CLASSICO.

2.  Defendant alleges that San Antonio has infringed its trademark rights and is demanding San Antonio cease use of the term CLASSICO (the "Asserted Mark"), which is Italian for the word "classic" and destroy inventory.

3.  San Antonio maintains that it does not infringe any of Defendant's trademark rights involving "classico".

4.  Defendant's actions have created an actual controversy between San Antonio and Defendant as to whether San Antonio's use of the term "classico" infringe any rights of Defendants.

5.  If San Antonio does not comply with Defendant's demands by August 14, 2026, it is highly likely that Defendant will bring a trademark infringement action against San Antonio and seek injunctive relief.

6.  Defendant's allegations and potential litigation threaten to disrupt the marketplace and interfere with San Antonio's industry partners as the beverages bearing "classico" are already in the channels of trade and for sale in many stores across the United States. Ceasing use of "classico" would require a recall and destruction of goods.

7.  San Antonio does not infringe any rights of Defendant. Therefore, there is a real, immediate and justiciable controversy between the parties. A judicial declaration is necessary to determine the respective rights of the parties regarding the Asserted Mark, and San Antonio respectfully seeks a judicial declaration that San Antonio's use of "classico" does not infringe Defendant's trademark rights.

- 1 -

COMPLAINT

**THE PARTIES**

8.  Plaintiff San Antonio Winery, Inc. is a corporation duly organized and existing under the laws of the State of California and has its principal place of business, and the oldest winery in the City and County of Los Angeles, located at 737 Lamar Street, Los Angeles, California 90031.

9.  Upon information and belief and according to the United States Patent and Trademark Office (USPTO) records, Zero Proof International Limited, is a United Kingdom company having an address of C/O Dickinsons, Brandon House, First Floor, 90 The Broadway, Chesham, United Kingdom, HP5 1EG.

**JURISDICTION AND VENUE**

10.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 1338, 2201, and 2202 in that this is an action for a declaratory judgment that the Plaintiff does not infringe Defendant's alleged trademark rights. Also, the goodwill value of San Antonio's goods bearing the accused designs exceeds $75,000.

11.  This Court has specific personal jurisdiction over Defendant on the grounds that Defendant has consciously and purposefully directed their conduct and activities in this State including the sale of Defendant's goods in this District. Additionally, Defendant has directed their conduct at San Antonio, a company that resides and operates in this District. As previously described, Defendant has threatened that San Antonio must comply with its demands, including ceasing use of the term at issue and this action arises out of and directly relates to Defendant's contacts with San Antonio in this District. In doing so, Defendant has established sufficient minimum contacts with the Central District of California such that Defendant is subject to specific personal jurisdiction in this action.  The exercise of personal jurisdiction based on their directed threats and contacts does not offend traditional notions of fairness and substantial justice.  See *SnapRays, dba SNAPPOWER v. Lighting Def. Group*, No. 2023-1184 (Fed. Cir. May 2, 2024).

- 2 -

COMPLAINT

12.     Venue is proper in this Court under 28 U.S.C. § 1391(d) in that, a substantial part of the events giving rise to these claims occurred in this judicial district as discussed above. Finally, Defendant is not a resident of the United States and thus may be sued in any district.

## SAN ANTONIO and SPRITZ DEL CONTE®

13.     San Antonio is a family-owned corporation that is engaged in, among other things, the production, sale, and international distribution of wines and other alcoholic and non-alcoholic beverages.

14.     Since its founding in 1917 by an Italian immigrant, the winery has persevered through prohibition, the Great Depression, and World War II to become one of the most awarded wineries in California with locations in Los Angeles, Monterey, Paso Robles and Napa Valley.

15.     Over the years, its wines have won numerous wine competition awards including, being honored as the American Winery of the Year in 2018 by Wine Enthusiast. Some of its estate wines are San Simeon®, Opaque®, Maddalena® and Bodega de San Antonio®, but its most famous brand is Stella Rosa®.  See https://sanantoniowinery.com/our-wines/.

16.     Today, the company is still owned and operated by four (4) generations of the Riboli family. San Antonio owns winemaking estates throughout California, including in Paso Robles and Napa, and several of its brands are imported from Italy.

17.     San Antonio owns numerous trademark registrations in the United States and internationally to protect its brands.  The company routinely monitors and enforces its own trademark rights and respects the rights of others.

18.     In 2024, San Antonio launched a new product called SPRITZ DEL CONTE, a ready-to-serve alcoholic and non-alcoholic Italian inspired cocktail. Spritz Del Conte is imported from Italy and comes in several flavors such as Lemoncello, Vermouth, and Negroni.  *See* https://www.spritzdelconte.com/

- 3 -



The orange bottle shown above is the "Classico" flavor.  As anyone who has traveled to Italy, especially in the summer may recognize, the orange-colored sparkling cocktail is a traditional, classic, cultural favorite served over ice.



CLASSICO            CLASSICO
                 NON-ALCOHOLIC

19.    San Antonio produces an alcoholic and non-alcoholic version of Spritz Del Conte.

20.    SPRTIZE DEL CONTE has multiple unique source identifiers on its front packaging; (i) the SPRITZ DEL CONTE trademark in large colorful, prominent font; (ii) a brightly colored cap generally that matches the flavor with SPRITZ DEL CONTE printed on it; and (iii) an image of people having a good time with Italian themes in the background. The rear label continues to identify the brand with similar images and the words "Ciao from Italy", "Product of Italy" and "A Riboli Family Collection".   RIBOLI and RIBOLI FAMILY are registered trademarks of San

- 4 -

COMPLAINT

Antonio.



21.    San Antonio owns trademark registrations in the United States and abroad protecting the SPRITZ DEL CONTE brand including, U.S. Registration Nos. 7415331 and 7664972.

22.    The presence of SPRTIZ DEL CONTE on San Antonio's goods indicates to the public that goods provided under this mark originate with, or are provided by, San Antonio.

23.    SPRITZ DEL CONTE is offered for sale and sold in major retailers since its launch to the present.

24.    San Antonio is unaware of any instances of consumer confusion between San Antonio's SPRTIZ DEL CONTE and Defendant's goods and Defendant in its demand letter identified no such confusion.


## **DEFENDANT'S THREATENING ACTS**

25.    According to the USPTO records, Defendant owns U.S. Trademark Registration No. 6,242,081 for the mark LYRE'S CLASSICO. The registration issued on January 12, 2021 for use in connection with, "alcohol free spirits; non-alcoholic carbonated drinks; non-alcoholic cocktail bases; non-alcoholic cocktails;

- 5 -

non-alcoholic spirits; water beverages" (the "'081 Registration").

26.	During the prosecution of the '081 Registration the Trademark Office issued an office action on March 18, 2020, refusing registration of the applied-for mark for many reasons including the following:

> *Applicant must disclaim "CLASSICO" because it is not inherently distinctive and thus an unregistrable part of the applied-for mark. See 15 U.S.C. §1056(a); TMEP §§1213, 1213.03(a). . . . Applicant may not claim exclusive rights to terms that others may need to use to describe their goods in the marketplace*

TSDR - Office Action, March 18, 2020

27.	Apparently, Defendant agreed with the Trademark Office and on September 17, 2020, submitted a disclaimer stating, "No claim is made to the exclusive right to use CLASSICO apart from the mark as shown." A true and correct copy of the '081 Registration is attached as **Exhibit "A."**

28.	On or about August 4, 2026, San Antonio received a cease-and-desist letter from Defendant's counsel (the "C&D Letter"). A true and correct copy of the C&D Letter is attached as **Exhibit "B."**

29.	Despite the admission with the Trademark Office that "classico" is not inherently distinctive or registrable, the C&D Letter contends Defendant, "…owns common-law rights arising from its use and promotion of the CLASSICO designation…"

30.	The C&D Letter further contends that, "Consumers encountering [San Antonio's] use of the CLASSICO term in advertising, search results, delivery-platform listings, or retailer product pages would likely believe that your client's products are associated with, sponsored by, approved by, or otherwise connected to Zero Proof.

31.	According to an Internet search below are some examples of the

- 6 -

COMPLAINT

LYRE'S CLASSICO products.

  

32.   The C&D Letter concludes with a laundry list of unreasonable demands, including but not limited to, ceasing all use of CLASSICO, LYRE'S CLASSICO, or any confusingly similar designation as a trademark, product name, sub-brand, SKU name, flavor name, advertising headline, product-title term, metadata term, keyword, hashtag, search term, domain name, social-media designation, or other source-identifying designation in connection with non-alcoholic beverages, alcohol-free spirits, ready-to-drink cocktails, spritz products, cocktail bases, or related goods; remove all uses of CLASSICO and instruct retailers to do so as well; stop all manufacturing; destroy all inventory after three (3) months; never use or register CLASSICO; and, never challenge Defendant's alleged rights.

33.   If San Antonio does not sign a copy of the C&D Letter, Defendant will resort to "formal legal action" as threatened in the letter.

34.   In addition to the disclaimer, there are numerous third parties that use CLASSICO and CLASSIC to describe their alcoholic and non-alcoholic goods. There are also several registrations residing on the Principal Register for marks in classes 32 and 33 comprising CLASSIC or CLASSICO including registration that far predate Defendant's '081 Registration and alleged use. Defendant does not have the exclusive right to use CLASSICO based on the number of third parties using the same or similar marks.

- 7 -

35. San Antonio is concerned that the Defendant's unpredictable, extremely aggressive, and legally unfounded position will harm its business and reputation.

36. In addition to Defendant being unable to stop uses CLASSICO, San Antonio's use of "classico" is protected under the Fair Use doctrine.

37. Because San Antonio's SPRITZ DEL CONTE goods are already in the marketplace, in distribution channels and on retail store shelves, the potential harm to San Antonio and its retail partners is significant.

38. By reason of Defendants' acts, as alleged herein, there is an actual, justiciable, substantial, and immediate controversy between San Antonio, on the one hand, and Defendant, on the other, regarding whether San Antonio infringes any trademark rights owned by Defendant in and to the Asserted Mark.

## CLAIM FOR RELIEF

**(**Declaration of Non-Infringement – Asserted Mark)

39. San Antonio repeats and re-alleges paragraphs 1 through 38 as though fully set forth in this paragraph.

40. There is presently a dispute between San Antonio and the Defendant regarding the parties' rights.

41. The Defendant, on the one hand, contends that San Antonio cannot use CLASSICO in connection with its SPRITZ DEL CONTE alcoholic and non-alcoholic beverages.

42. San Antonio, on the other hand, contends that its use of CLASSICO will not cause consumers to believe that San Antonio's goods come from Defendant or that San Antonio's wine is affiliated with, connected with or sponsored or licensed by Defendant because, among other things:

    a. San Antonio's use of CLASSICO is not confusingly similar to the Asserted Mark;

       1. The uses of CLASSICO are not the same in sight or sound,

- 8 -

COMPLAINT

and commercial impression;

   a. San Antonio's SPRITZ DEL CONTE goods display source-identifying information that indicates San Antonio is the source of the goods, including the trademark SPRITZ DEL CONTE, a brand owned by and registered to San Antonio; as well as "A RIBOLI FAMILY COLLECTION"; where "Riboli" and "Riboli Family" are registered trademarks;

   b. the unique product packaging such that and San Antonio's marketing, and promotion is significantly different from the Asserted Mark;

   c. LYRE'S is the dominant unique portion of Defendant's mark; and

   d. although both beverages, the goods are sufficiently different;

b. The USPTO contends and Defendant agreed that as to Defendant's goods CLASSICO is not inherently distinctive or registerable;

c. Numerous third parties' own marks and use CLASSIC or CLASSICO and co-exist in the marketplace and on the Principal Register of the USPTO. Thus, it appears that multiple entities co-exist without confusion and demonstrates that it is highly unlikely there will be any likelihood of confusion in the future;

d. San Antonio's use of CLASSICO in connection with SPRITZ DEL CONTE is not a trademark use, but rather is used descriptively, and thus is fair use under 15 U.S. Code § 1115(b)(4); and

e. San Antonio has been offering for sale and selling SPRTIZ DEL CONTE in major retailers for at least two (2) years and there have been no instances of confusion known to San Antonio.

- 9 -

43.     For all of the foregoing reasons, among others, San Antonio contends that its use of CLASSICO in connection with the production, promotion and sale of SPRITZ DEL CONTE does not infringe any valid, enforceable trademark rights of Defendant.

44.     Based upon the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, San Antonio is entitled to a judicial declaration as to whether its use of CLASSICO in connection with alcoholic or non-alcoholic wines infringes any valid rights of Defendant.

## SECOND CLAIM FOR RELIEF

(Common Law Unfair Competition)

45.     San Antonio repeats and re-alleges paragraphs 1 through 38 and 40 through 44 as though fully set forth in this paragraph.

46.     The above-described acts of Defendant constitute common law unfair competition in that Defendant is attempting to stifle lawful competition by asserting claims of infringement based on false, fraudulent, inaccurate legal theories, and as Defendant has admitted, in a publicly filed legal proceeding, they do not own the rights they are now attempting to assert.  Defendant's baseless claim of infringement is not well-grounded in fact or law and is being used for an improper purpose. Such acts have caused and will continue to cause irreparable and immediate injury to San Antonio, for which San Antonio has been subjected to undue threats and costs. Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## PRAYER FOR RELIEF

WHEREFORE, San Antonio prays for relief as follows:

1.     That the Court declare that San Antonio has not and will not infringe any valid, protectable trademark rights of Defendant including U.S. Registration No.

COMPLAINT

6,242,081, or any common law rights as to its Spritz Del Conte products;

2.      That the Court declares that Defendant's objection and/or opposition to San Antonio's use of CLASSICO in connection with alcoholic and non-alcoholic beverages is unfounded and Defendant is prohibited from challenging San Antonio's use;

3.      For an injunction ordering Defendant not to interfere with San Antonio's sales and marketing of SPRITZ DEL CONTE

4.      For an award of costs as provided by law;

5.      For reasonable attorney fees, if allowable; and

6.      For such other and further relief as the court deems just and proper.

Respectfully submitted,

CISLO &THOMAS LLP

DATED:  August 10, 2026          By:    /s/Jeffrey G. Sheldon
                                        Jeffrey G. Sheldon

                                        Attorneys for Plaintiff,
                                        SAN ANTONIO WINERY, INC.

- 11 -

COMPLAINT